[No. 1683. Decided May 11, 1895.]

## WILLIAM P. SAYWARD, *Appellant*, v. WARREN S. THOMPSON *et al.*, *Respondents*.

VENDOR AND PURCHASER — NOTICE OF PRIOR SALE — BREAK IN CHAIN OF
TITLE — RECORD OF PATENT.

Where there is a break in the recorded title, the registry of a conveyance from a subsequent owner whose deed, or full chain of title, is not on record does not charge constructive notice.

Title by patent from the United States is title by record, and neither delivery to the patentee nor record of the patent in the office of the county auditor is necessary in order to give it validity or make it effective as a link in the chain of title.

The fact that an assignment of a land office final certificate taken by a purchaser of land could not be recorded, because not acknowledged, will not excuse the purchaser's negligence in failing to take a formal conveyance which was capable of record.

A subsequent purchaser of land without notice, actual or constructive, of outstanding recorded deeds held by one not in the direct chain of title, is not bound by the knowledge of his grantor.

*Appeal from Superior Court, King County.*

*Battle & Shipley* and *Gilliam & Hill,* for appellant.

*Boyd J. Tallman* and *Blaine & DeVries,* for respondents.

The opinion of the court was delivered by

GORDON, J.—On May 3, 1869, pursuant to the act of congress approved April 24, 1820, one Moses Gardner entered and purchased of the United States, at its land office at Olympia, Washington, the premises involved in this controversy, containing ninety-six and fifty-hundredths acres, lying in King county, and thereupon received the usual certificate or "duplicate final receipt," from the register and receiver of said office. On May 16, 1870, said Gardner, for a valuable consid-

eration, indorsed upon said certificate the following:
"This is to certify that I have sold to G. A. Meigs all
my right, .title and interest to the within described
land, for value received," which was signed and deliv-
ered by him to Meigs.   Said indorsement was not ac-
knowledged, nor was it ever recorded in the office of
the auditor of King county.   On May 2, 1870, a patent
from the United States was duly issued to said Gard-
ner for said land, which was subsequently delivered to
said Meigs, and said patent has never been recorded in
the auditor's office of said county.   On November 13,
1877, Meigs executed his deed of said premises to a cor-
poration known as the "Meigs Lumber and Ship Build-
ing Company," which deed was filed for record on
November 23, 1877, and duly recorded in the office of
the county auditor of said county; and thereafter, on
February 9, 1880, said corporation executed its deed
of said land to the appellant, which latter deed was
filed for record on April 6, 1881, and duly recorded.
On June 27, 1882, said Moses Gardner (his wife joining
with him), by deed of general warranty, conveyed said
premises to Warren S. Thompson, which deed was
filed for record on July 22, 1882, and duly recorded.
On February 29, 1888, Thompson executed his deed of
said premises to respondent Carkeek, and the same was
duly recorded.

This action was brought by appellant against Thomp-
son and Gardner, for the purpose of annulling the con-
veyance from Gardner to Thompson, etc.   Respondent
Carkeek intervened, setting up the conveyance to him
by Thompson, and alleging that he purchased in good
faith and paid full value, without any knowledge that
appellant claimed any interest in the premises.   The
court below, among other things, found: "That Car-
keek [respondent], at the time of his purchase of said

land, in person examined the records of conveyances in said auditor's office and found therein a chain of title from Gardner to and through his grantees to Thompson." Also that respondent examined the records in the United States land office and found that the patent to said land had issued to Gardner; that "Carkeek [respondent] did not discover of record in said auditor's office the deeds or conveyances from Meigs to the Meigs Lumber and Ship Building Company, or the deed from the latter to appellant, and at the time of his purchase he had no actual knowledge of either of said conveyances." Also that said land has never been in the actual possession of any one, but has at all times been unoccupied and unimproved. That the taxes on said property for the years 1874-5-8, 1880-1 were paid by Thompson, and that all taxes assessed on said property after said year 1881 were paid either by Thompson or respondent Carkeek, and that no taxes on said property were ever paid by said Meigs or his grantees. The court also found that respondent Carkeek was a *bona fide* purchaser of the land for full value, and awarded a decree in his favor canceling and annulling as clouds on his title the deeds from Meigs to the corporation, and from it to appellant; from which decree this appeal is taken.

It is contended by appellant's counsel that the record in the office of the county auditor of the deeds from Meigs to the corporation and from the latter to appellant constituted constructive notice to Carkeek. The lower court held that they, being out of the chain of title, did not operate as constructive notice, and we think its holding was correct. In § 158 of Webb on Record of Title, the learned author says:

"Founded in part on this matter of convenience in searching the records, and in part on somewhat

broader grounds, is a generally recognized rule that where there is a break in the recorded title, the registry of a conveyance from a subsequent owner whose deed, or full chain of title, is not on record, does not charge contructive notice."

Counsel, however, insist that inasmuch as the patent to the land was not of record, nor the "final certificate" of the land officers, there was no chain of title of record, and hence this rule concerning a break in the record title has no application.  We think that it was not necessary that the patent to Gardner should have been recorded in the office of the county auditor, nor delivered to him, in order to give it effect.  Title by patent from the United States is title by record, and though it is usual to deliver a patent to the claimant, as in case of deeds, yet delivery of it is not necessary. 19 Am. & Eng. Enc. Law, 350; *Marbury v. Madison*, 1 Cranch, 137; *United States v. Schurz*, 102 U. S. 378.

In *Marbury v. Madison, supra,* it is said that: " In all cases of letters patent certain solemnities are required by law, which solemnities are the evidences of the validity of the instrument.  *A formal delivery to the person is not among them;*" and in *United States v. Schurz, supra,* the court say: " The acts of congress provide for the record of all patents for land in an office, and in books kept for that purpose.  An officer, called the recorder, is appointed to make and to keep these records.  He is required to record every patent before it is issued, and to countersign the instrument to be delivered to the grantee.  This, then, is the final record of the transaction — the legally prescribed act which completes what Blackstone calls ' title by record;' *and when this is done the grantee is invested with that title."*
As already noticed the lower court found that before purchasing from Thompson the respondent Carkeek

examined the records of the land office and found that the patent from the government for the lands in question had issued to Gardner, and we think the rights of the parties could not be affected by the fact that it was not recorded in the auditor's office.

It is further insisted by appellant that as neither the "final certificate" nor the assignment thereof to Meigs could have been legally recorded (because not acknowledged), the rule concerning a "break in the chain of title" above referred to is not applicable; the reason for such rule being that the failure to record a prior conveyance constitutes negligence. There was nothing in law which would have prevented the taking of a formal conveyance, at the time the appellant chose rather to accept a mere assignment of the "final certificate." The patent issued on May 2, 1870. The assignment was not made until May 16, 1870. And even if the patent had not theretofore issued, Gardner might have conveyed by deed, and the legal title would have vested in his grantee upon the issuing of the patent. *Dillingham v. Fisher*, 5 Wis. 475; *Goodlet v. Smithson*, 5 Porter, 245 (30 Am. Dec. 561); 19 Am. & Eng. Enc. Law, 334.

By omitting to take a formal conveyance and to have the same recorded when he might well have done so, we think Meigs was guilty of negligence and that appellant cannot be heard to say that the paper which Meigs elected to take was not such as the law entitled to be recorded. Equity favors the innocent purchaser.

"As every presumption is in favor of the subsequent purchaser, when the former owner is guilty of neglect, his title cannot be postponed except by evidence which taints his conduct with fraud." *Boggs v. Varner*, 6 Watts & S. 469.

The doctrine of constructive notice is arbitrary, and in its operation equitable limitations and qualifications are difficult of application. As applied to a record, the record is either notice or it is nothing. Hence it should not receive a more extended application than is rendered necessary from a consideration of the subject upon which it is intended to operate. So considering it, and conceiving that under our system of registration (and indexes which the law requires the auditor to keep) the discovery of the record of these deeds from Meigs to the corporation, and from the latter to appellant, by one striving to ascertain from the record the condition of the title would be accidental rather than otherwise, it follows that the effect of the record was not such as to impart notice to respondent Carkeek of appellant's claim, and did not constitute constructive notice.

Nor can it avail appellant that respondent's grantor Thompson knew of the record of these deeds, for the law protects a subsequent purchaser without notice, buying from one who purchased with notice, and whose deed is recorded. Webb, Record of Title, § 154; *Pringle v. Dunn*, 37 Wis. 449 (19 Am. Rep. 772); *Wood v. Chapin*, 13 N. Y. 509 (67 Am. Dec. 62); *Sydnor v. Roberts*, 13 Tex. 598.

We think the cases of *David v. Rickabaugh*, 32 Iowa, 540, and *Bamberger v. Geiser*, 24 Or. 203 (33 Pac. 609), cited by appellant, are easily distinguishable upon the facts, and that the conclusion we have reached herein does violence to no principle discussed in either of them.

In our opinion the evidence fully sustains the findings, and the decree must be affirmed.

SCOTT, DUNBAR and ANDERS, JJ., concur.

HOYT, C. J., not sitting.