(No. 5537.  Decided July 18, 1905.)

MARIAN E. PETERSON, *Respondent,* v. JAMES SLOSS, *Appellant.*[1]

VENDOR AND PURCHASER—DEED BEFORE PATENT—RECORDING—CHAIN OF TITLE—NOTICE TO SUBSEQUENT PURCHASERS. A deed by a homesteader prior to patent, after final proof and the issuance of the receiver's final receipt, is in the chain of title, although the receiver's receipt was not recorded, and the same transfers equitable title; and subsequent purchasers after issuance and recording of the patent are bound by the record of such former deed, from the patentee, although they had no actual notice thereof.

SAME — PARTITION — PRIOR PURCHASERS. A partition agreement, made by a tenant in common after contracting to convey his interests, is not binding upon subsequent purchasers from his grantee.

Appeal from a judgment of the superior court for King county, Bell, J., entered November 1, 1904, upon findings

[1]Reported in 81 Pac. 744.

in favor of the plaintiff, after a trial before the court without a jury, in an action to quiet title.   Reversed.

*E. C. Kriete* and *Steele & Brown* *(S. H. Steele,* of counsel), for appellant.

*W. L. Waters,* for respondent.

RUDKIN, J.—On the 19th day of November, 1895, after completing his five years' residence, one Rowland Evans made final proof for the southeast quarter of section 28, township 23 north, range 7 east, W. M., in King county, Washington, and received a receiver's final receipt therefor. This receipt was never filed for record.   On November 27, 1895, Evans conveyed an undivided one-half interest in said tract to the defendant James Sloss.   The deed of conveyance was filed for record in the office of the county auditor of King county, on December 7, 1895.   On the 26th day of October, 1901, Evans entered into an agreement with the defendants S. D. Fraser and J. J. Fraser, whereby Evans agreed to convey the entire tract to the Frasers.   This agreement was filed for record on the 2d day of November, 1901. On the 6th day of September, 1902, a deed of conveyance of the entire tract was executed by Evans to the Frasers, and was filed for record on the same day.   On the 25th day of March, 1903, the Frasers conveyed the entire tract to the plaintiff, Marian E. Peterson.   This deed was filed for record on March 27, 1903.   The plaintiff, Peterson, purchased the property for a valuable consideration, and without actual notice of the prior conveyance of an undivided one-half interest in the property from Evans to Sloss.   On the 13th day of July, 1899, a homestead patent issued to Evans for said tract, and was filed for record in the auditor's office on the 27th day of March, 1903.   On the 21st day of March, 1902, Evans and Sloss entered into an agreement partitioning said tract between themselves, which agreement was filed for record on the 6th day of May, 1903.

At the time of the commencement of this action, the land was vacant and unoccupied. The object of the action was to declare the plaintiff the owner in fee of the entire tract, and to remove a cloud from the title. The plaintiff had judgment according to the prayer of her complaint, and the defendant Sloss appeals.

The sole question presented on this appeal is this: Was the record of the deed of November 27, 1895, from Evans to the appellant Sloss, constructive notice of the claim of appellant, as against subsequent purchasers from Evans? We think that it was. Both parties place reliance on *Sayward v. Thompson,* 11 Wash. 706, 40 Pac. 379. In that case the respondents claimed title by mesne conveyances from the patentee of the government. The appellant claimed title under an indorsement on the final receipt to the effect that the holder of the receipt had sold all his right, title, and interest in the property therein described to one Meigs. This indorsement was neither acknowledged nor recorded. That case is not, therefore, directly in point here. In the opinion, however, the court says:

"By omitting to take a formal conveyance and to have the same recorded when he might well have done so, we think Meigs was guilty of negligence and that appellant cannot be heard to say that the paper which Meigs elected to take was not such as the law entitled to be recorded,"

thereby implying, at least, that, if Meigs had taken a formal conveyance and recorded the same, he and his grantees would have been protected. That was just the precaution taken by the appellant in this case. We find no fault with the authorities cited by the respondent, and agree with her counsel that the record is not constructive notice of a deed without the chain of title. We cannot agree, however, that the conveyance made by the holder of the receiver's receipt was without the chain of title. A conveyance made by a party before he acquires title to the property conveyed is,

no doubt, without the chain of title, and had the patent in this case been the origin of Evans' title, the rule contended for would apply. The patent, however, was issued under the homestead law, and the respondent and her grantors knew, and were chargeable with notice, that the patent was preceded by final proof, and that the entryman had full power to convey or incumber the property at any time after final proof was made. How would the recording of the final receipt have availed the respondent? True, it would fix a time beyond which she need not look for conveyances by the entryman, but nothing more. She knew that Evans had title and the right to convey before the patent issued, and it was her duty to examine the record for such conveyances. Had she done so, she would have discovered the deed to Sloss. Having failed in this, she failed in her duty, and must suffer the consequences. The deed from Evans to Sloss was executed at a time when Evans had full power and authority to execute the same, and the patent itself gave ample notice of such preexisting title and the incidental right to convey. The title was an equitable one, it is true, but the right to transfer it is acknowledged by all the authorities.

The appellant asks to be awarded the portion of the property allotted to him under the partition agreement between himself and Evans; but, inasmuch as this agreement was made after the agreement on the part of Evans to convey the property to the Frasers was executed and recorded, such partition is not binding upon the respondent unless she elects to ratify it.

The judgment is reversed, with directions to enter a decree declaring the respondent the owner of an undivided one-half interest in the property in controversy, unless the parties agree upon some other disposition of the case.

MOUNT, C. J., FULLERTON, HADLEY, CROW, ROOT, and DUNBAR, JJ., concur.