[No. 11435. Department One. May 8, 1914.]

KENT LUMBER COMPANY, *Appellant*, v. ARTHUR CLARKE, *Respondent*.[1]

PUBLIC LANDS—HOMESTEAD—TITLE OF ENTRYMAN. A homestead claimant, dying after final proof and before issuance of the final receipt or patent, had an equitable title which could be devised by will.

ABSTRACTS OF TITLE—REQUISITES—MERCHANTABLE TITLE. An abstract of title, to show a marketable title, need not give the proof of heirship that was offered in probate or in the general land office as a basis of title, but is sufficient, where the title, supplemented by public records to which attention is directed, discloses a merchantable title to the land.

Appeal from a judgment of the superior court for King county, John S. Jurey, Esq., judge *pro tempore*, entered January 17, 1913, upon findings in favor of the defendant, in an action on contract, tried to the court. Affirmed.

*E. H. Guie*, for appellant.

*Peters & Powell*, for respondent.

CROW, C. J.—Action by Kent Lumber Company, a corporation, against Arthur Clarke to recover $500 earnest money. From a judgment in defendant's favor, the plaintiff has appealed.

[1]Reported in 140 Pac. 556.

The contract of sale on which the earnest money was paid reads as follows:

"Received from Kent Lumber Company, Smith Manager, the sum of $500 earnest money as part purchase price for the following described property, to wit: Southeast One Fourth of Section two, tp. 22, Range eight East, King County, Wash.

"The purchase price of said property to be the sum of $12,000 on the following terms, viz: $2,500 cash, including the amount of this receipt, $3,500 in one year, $6,000 in two years at 7% interest. Agree to deliver said property to the said (Smith) his heirs or assigns free and clear of liens or encumbrance of every kind or nature. The purchaser to have 20 days for examination of abstract from date of delivery of same. In the event of the title to said property not proving to be merchantable, upon examination, or if it could not be made so within a reasonable time then the said earnest money to be refunded to the purchaser. Otherwise to be forfeited to the undersigned as liquidated damages. . . .

"Dated at Seattle, Wash., this 15th day of April, 1909.

"Arthur Clarke
"A. E. Smith."

The pleadings show that, pursuant to this agreement, respondent delivered to appellant an abstract of title, which, after examination, it refused to approve, claiming that it failed to show a merchantable title.

Calling attention to the fact that it did not file its proposed statement of facts until the ninety-first day after the entry of judgment, appellant in its brief frankly concedes that, in a discussion of this appeal, it must be limited to the question whether, under the issues raised by the pleadings, the findings are sufficient to sustain the conclusions of law and final judgment. The trial court, in substance, found that the contract had been entered into as above set forth; that appellant paid respondent the sum of $500 earnest money; that, on or about April 19, 1909, respondent delivered to appellant an abstract of title; that, on May 10, 1909, appellant rejected the abstract, contending that the will of one Maggie

Thrasher, who had made a homestead entry on the land, was insufficient to vest title in Mary Damburat, her legatee, who was respondent's grantor; that Maggie Thrasher had no devisable interest; that her title passed to and vested in her heirs at law; and that the abstract failed to disclose any judicial determination as to who her heirs at law were. The court further found that, in the year 1891, Maggie Thrasher entered upon the land, then unsurveyed, under the homestead law of the United States; that the land was surveyed in December, 1900; that, upon the filing of such survey, Maggie Thrasher made the requisite proof before the officers of the local land office showing her settlement, occupation and residence, and her improvement of the land as required by the Federal statutes; that her proof was thereupon transmitted to the general land office of the United States with the approval of the local land office; that it was approved, and the matter was finally closed by a decision of the general land office on May 4, 1901; that Maggie Thrasher died on May 11, 1901; that, previously thereto, she executed her last will and testament, whereby she devised all her property, specifically including the land here involved, to her mother Mary Damburat, upon whose application a patent for the land was issued in the year 1902, running to the heirs of Maggie Thrasher, deceased; that Maggie Thrasher died a spinster leaving surviving her as her sole heir at law and next of kin, her mother Mary Damburat, and leaving no father, children, or issue of her body; that, at the time of her death, she was a resident of King county; that her will was probated in the superior court of King county in the year 1902; that Mary Damburat, her mother and sole legatee, was qualified as executrix, without bond, and was directed to settle the estate without the intervention of any court; that Mary Damburat, as sole heir and legatee, conveyed the land to respondent Arthur Clarke; that the abstract of title, supplemented by public records of the land office, to which appellant's attention was directed, disclosed a merchantable

title in respondent to the land, which he tendered to the appellant, but that appellant, without cause, refused to accept the same.

Although it is not as clearly stated as it possibly might be, in the findings, that all facts found appear from the abstract, we are justified in assuming that they did so appear, and that the abstract did disclose such facts. This assumption does not seem to be seriously contested by appellant, its principal contention being that the findings do not disclose the proof made by Maggie Thrasher before the local land office, or the subsequent proceedings of the general land office thereon. In response to this suggestion, respondent well insists that no abstract of title would ordinarily show proceedings in the land office as a basis of title, but would only disclose issuance of a final receipt or patent; that an examiner of the abstract, if he so desired, could then investigate the proceedings of the land office. It is not contended that the abstract failed to show the issuance of the final receipt to the heirs of Maggie Thrasher; in fact the contrary is conceded. The trial court found that the requisite proof was made by Maggie Thrasher; that such proof, and the approval of her entry by the local land office, were transmitted to the United States general land office, and were later approved by that office on May 4, 1901. This all occurred prior to Maggie Thrasher's death. Appellant concedes that it is in no position to question the findings of the trial court in the absence of the evidence. Although Maggie Thrasher died after her final proof had been made, and before the final receipt or patent had been issued, yet she had an equitable and transferable interest in the land, which she could convey by deed or devise by will. *Peterson v. Sloss*, 39 Wash. 207, 81 Pac. 744; *Sayward v. Thompson*, 11 Wash. 706, 40 Pac. 379. In the *Peterson* case, we said:

"The patent, however, was issued under the homestead law, and the respondent and her grantors knew, and were chargeable with notice, that the patent was preceded by final

proof, and that the entryman had full power to convey or incumber the property at any time after final proof was made. . . . The title was an equitable one, it is true, but the right to transfer it is acknowledged by all the authorities."

In *Cummings v. Dolan*, 52 Wash. 496, 100 Pac. 989, 132 Am. St. 986, this court, in defining a merchantable title, said:

"Appellant's contract calls for a 'good and marketable title.' The authorities hold that to render a title marketable it is only necessary that it shall be free from reasonable doubt, in other words, that a purchaser is not entitled to demand a title absolutely free from every possible technical suspicion, he can only demand such title as a reasonably well informed and intelligent purchaser acting upon business principles would be willing to accept."

See, also, *Moore v. Elliott*, 76 Wash. 520, 136 Pac. 849.

On the record before us, it is manifest that Maggie Thrasher had an equitable title; that she devised the same to Mary Damburat, her mother, who was her only heir at law; that her last will was duly probated in the superior court of King county; that the patent to her heirs conveying the legal title enured to the benefit of her legatee; that Mary Damburat, as such legatee, conveyed the title to the respondent; and that respondent, having such title, tendered the same to the appellant; that, having done so, he tendered a merchantable title and fully complied with all the requirements of his contract; and that the appellant wrongfully rejected the same.

The judgment is affirmed.

MAIN, ELLIS, GOSE, and CHADWICK, JJ., concur.