[No. 35105.   Department One.   March 3, 1960.]

CLARA GOODRICH, *Appellant,* v. LESTER E. FAHEY, *Defendant,* DORIS N. FAHEY, *Respondent.*[1]

*Hennessey & Curran (Thomas F. Curran,* of counsel), for appellant.

*John T. Dalton (A. R. Hart* of *Olwell, Donais & Hart,* of counsel), for respondent.

[1]Reported in 349 P. (2d) 729.

MALLERY, J.—The plaintiff, Clara Goodrich, in September, 1952, loaned fifteen hundred dollars to her son and his wife, Doris N. Fahey, which was used as a down payment on the purchase of a home near Kent, Washington. In return, plaintiff was to have the right to live in the home with her son and his wife for the rest of her life.

Plaintiff was satisfied with this arrangement for only two months and then returned to her former residence in Spokane. Thereupon, her son and his wife gave her a promissory note for the amount they owed her.

In 1957, the daughter-in-law commenced an action for divorce. She and the plaintiff's son executed a property-settlement agreement in which he conveyed his community interest in the property to his wife. She, in return, promised to sell the property and from the proceeds pay the plaintiff's promissory note.

The divorce decree was entered March 12, 1958. Doris Fahey then repudiated her undertaking to sell the property and pay the note. The plaintiff, thereupon, brought this action against both her son and her former daughter-in-law. She was given judgment against her son, who has not appealed. The action against Doris Fahey was dismissed and the plaintiff appeals from the dismissal.

The appellant had sued out a writ of attachment upon the home property and the respondent had countered by declaring a homestead in the property and filing a voluntary petition in bankruptcy. She properly listed the appellant's claim, and received her discharge in bankruptcy on September 5, 1958.

It is the appellant's theory that she is entitled to have the homestead set aside and to have a judgment for the amount of the promissory note upon the ground that she has a vendor's lien against the property under RCW 6.12.100, which provides, *inter alia*:

"The homestead is subject to execution or forced sale in satisfaction of judgments obtained:

"(1) On debts secured by mechanic's, laborer's, materialmen's or *vendor's liens* upon the premises." (Italics ours.)

Appellant's theory regarding the vendor's lien is that she advanced the down payment of fifteen hundred dollars on the purchase price of the property and, hence, became subrogated to the grantor's right to receive the purchase money. We do not agree.

The rule of subrogation to rights in land was stated in *Murray v. O'Brien,* 56 Wash. 361, 105 Pac. 840, in this language:

". . . The right of subrogation under the better rule applies in cases where a party who has an interest in the property and who does not stand as a mere volunteer pays a debt owing in whole or in part by another, *to protect his own rights or to save his own property.* . . ." (Italics ours.)

Appellant does not fall within the rationale of the rule because her right to live in the house, if we indulge the presumption that it constituted an interest in the property, was never threatened by the grantor and her advancement of the down payment could not have been made for the purpose of protecting it. She acted freely and without compulsion. She was a volunteer.

The appellant has no vendor's lien right in the homestead by subrogation or otherwise. There is no statutory ground to vacate the respondent's homestead.

Appellant claims that in any event the debt was not discharged in bankruptcy and that she is entitled to a personal judgment against the respondent. We do not agree.

The bankruptcy petition accurately described and set forth appellant's claimed interest in the property. The referee in bankruptcy disallowed the appellant's claim of priority and treated her as a general creditor only. The appellant cannot now be heard to collaterally attack the discharge. If appellant felt aggrieved by the discharge, her remedy was by way of appeal from the adjudication of bankruptcy, rather than by the present collateral attack. Cf. 1 Collier on Bankruptcy (14th ed.) 1493, § 15, ¶ 15.02.

The judgment is affirmed.

WEAVER, C. J., DONWORTH, OTT, and HUNTER, JJ., concur.