[No. 8044–0–I.   Division One.   May 4, 1981.]

WILLIAM G. PRINCE, ET AL, *Respondents,* v.
HENRY C. SAVAGE, ET AL, *Appellants.*

*Laurason T. Hunt,* for appellants.

*W. D. Palmer, Sr.,* and *Paul Culotta,* for respondents.

SWANSON, J.—QUAERE: Does the amount a judgment debtor is required to pay to redeem his property from the purchaser at execution sale include other liens held by the purchaser in addition to the amount of the bid plus taxes and interest?

The trial court answered this question in the affirmative and determined that the judgment debtor's tender which included only the amount bid at the sale plus interest and taxes was insufficient to redeem his property.

The controversy arises from the following undisputed facts:

William Prince obtained a judgment against Henry C. Savage which he assigned to Grand Investment Company (Grand). Grand issued a writ of execution on Savage's property to satisfy the judgment. The sheriff's sale was held July 7, 1978, at which time Grand purchased the property by bidding the amount of the judgment which was in the approximate sum of $3,500. Prior to the expiration of the 1–year redemption period, Savage filed a notice of intent to redeem and tendered to the sheriff the amount bid plus interest which amounted to $3,734.77. Thereafter, on July 2, 1979, Grand filed an affidavit which stated that $86,947.65 was the amount necessary to redeem the property. Grand's affidavit showed that this sum was reached by tacking onto the amount bid at the execution sale the sum of three judgments entered against the judgment debtor plus the amount of the mortgage balance, all of which Grand held by assignment. Savage demanded a deed, as did Grand, but the sheriff informed the parties that he would not issue a deed but would abide by the judgment of the court. Grand then filed a motion to compel the sheriff to issue a deed, claiming the amount tendered by the judgment debtor to be insufficient. The trial court granted Grand's motion and directed the sheriff to issue the deed. Savage appeals from the order directing issuance of the deed to Grand and rejecting his tender.

We first note that the timeliness of appellant's tender and the correctness of the procedure followed are unchallenged. The asserted defect found to be fatal to appellant's efforts to redeem his property is the insufficiency of the amount tendered. Appellant, on the other hand, questions the validity of the evidence submitted by respondent to establish its asserted prior liens, but the decision we reach makes discussion of that question unnecessary.[1]

The question before us is primarily one of statutory construction. Redemption from execution sale is a creature of statute and depends entirely upon the provisions of the statute which creates the right. *Graves v. Elliott,* 69 Wn.2d 652, 419 P.2d 1008 (1966). RCW 6.24.130 creates two classes of persons who can redeem: (1) the judgment debtor and (2) a lien creditor; however, only lien creditors are termed "redemptioners."[2]

The statute upon which this controversy focuses, RCW 6.24.140, provides in pertinent part:

the judgment debtor . . . or any redemptioner, may redeem the property at any time within one year after the sale, on paying the amount of the bid, with interest . . . together with the amount of any assessment or taxes which the purchaser . . . may have paid thereon after purchase, and like interest on such amount; *and if the*

---

[1]RCW 6.24.180(3) provides:

"If the redemptioner or purchaser has a lien prior to that of the lien creditor seeking to redeem, such redemptioner or purchaser shall submit to the sheriff *the evidence thereof,* and the amount due thereon, or the same may be disregarded." (Italics ours.)

[2]RCW 6.24.130 provides:

"Property sold subject to redemption, as above provided, or any part thereof separately sold, may be redeemed by the following persons, or their successors in interest:

"(1) The judgment debtor or his successor in interest, in the whole or any part of the property separately sold.

"(2) A creditor having a lien by judgment, decree or mortgage, on any portion of the property, or any portion of any part thereof, separately sold, subsequent in time to that on which the property was sold.

"The persons mentioned in subdivision (2) of this section are termed redemptioners."

> *purchaser be also a creditor having a lien, by judgment,*
> *decree or mortgage, prior to that of the redemptioner,*
> *other than the judgment under which such purchase*
> *was made, the amount of such lien with interest:* . . .

(Italics ours.) Whether or not the italicized portion of the statute quoted applies to a judgment debtor seeking to redeem from a purchaser is the dispositive issue on appeal.

█ It is well settled that when a question of statutory interpretation is presented the court must look to the entire statutory scheme.

> In interpreting a statute, it is the duty of the court to ascertain and give effect to the intent and purpose of the legislature, as expressed in the act. The act must be construed as a whole, and effect should be given to all the language used. Also, all of the provisions of the act must be considered in their relation to each other and, if possible, harmonized to insure proper construction of each provision. *Publishers Forest Prods. Co. v. State,* 81 Wn.2d 814, 505 P.2d 453 (1973).

*Burlington N., Inc. v. Johnston,* 89 Wn.2d 321, 326, 572 P.2d 1085 (1977). Similarly, in *In re Estate of Hastings,* 88 Wn.2d 788, 567 P.2d 200 (1977), the court stated at page 793:

> In determining the applicability of this statute, as in passing on the meaning of any legislative enactment, we look to the language of the statute, the policy behind it and the action of the legislature in regard to it.

█ Appellant contends the phrase, "prior to that of the redemptioner," in RCW 6.24.140 limits application of the part of the statute in question to lien creditors only. We agree. The preceding statute, RCW 6.24.130, defines a redemptioner as a lien creditor to the exclusion of the judgment debtor. Further, the word, "that," in the descriptive phrase of the statute, "prior to *that* of the redemptioner," (italics ours) refers to a lien by judgment, decree, or mortgage held by the redemptioner. If the "redemptioner" named in the phrase just quoted includes a judgment debtor, as respondent contends, the pertinent portion of RCW 6.24.140 would read,

and if the purchaser be also a creditor having a lien, by judgment, decree or mortgage, prior to [the lien by judgment, decree or mortgage] of the [judgment debtor], other than the judgment under which such purchase was made, the amount of such lien with interest: . . .

It cannot reasonably be asserted that this provision was intended to apply to a judgment debtor seeking to redeem, for a judgment debtor would not have a lien against his own property. A judgment debtor is the fee owner of the property and remains the fee owner during the entire period of redemption and until the sheriff's deed issues to the purchaser or last redemptioner after expiration of the redemption period. *See* RCW 6.24.160. We must evaluate this provision, taking cognizance of the general rules of statutory construction. Words of a statute, unless otherwise defined, must be given a usual and ordinary meaning. *Department of Revenue v. Hoppe,* 82 Wn.2d 549, 552, 512 P.2d 1094 (1973). The court will not read into a statute matters which are not there nor modify a statute by construction. *King County v. Seattle,* 70 Wn.2d 988, 991, 425 P.2d 887 (1967). We therefore conclude that the portion of RCW 6.24.140 which requires payment of a purchaser's prior liens in order to redeem applies only to a lien creditor and not to a judgment debtor. This interpretation is in accordance with the majority view as stated in 3 A. Freeman, *Executions* § 320, at 1878 (3d ed. 1900):

A judgment debtor may redeem from the purchaser by paying the amount of the bid, percentage, and taxes. He need not first pay other liens held by the purchaser. If a person other than the judgment debtor seeks to redeem from the purchaser, or from a redemptioner, he must pay all liens of the holder of the certificate of purchase paramount to the lien under which the redemption is sought to be made.[3]

---

[3]Other states, such as Oregon, settled this question by making specific and separate provisions for redemption by a mortgagor or debtor and by a creditor having a lien by judgment, decree or mortgage. Further, the Oregon statute makes a distinction between a judgment debtor and a lien creditor seeking to redeem as to the obligation to pay prior liens. The Oregon statute, Or. Rev. Stat. § 23.540

(Footnotes omitted.)

However, respondent directs our attention to a clause appearing in RCW 6.24.160 which states:

> If the judgment debtor redeem he must make the same payments as are required to effect a redemption by the redemptioner.

Therefore, respondent argues, if a judgment debtor must make the same payments as a redemptioner to effect a redemption, and because RCW 6.24.140 requires that a redemptioner from a purchaser pay such purchaser's prior liens, it follows that a judgment debtor seeking to redeem must pay such prior liens also.

At first glance, this might appear to be a telling argument, but the quoted portion of RCW 6.24.160 upon which respondent relies relates to a redemption from a redemptioner and not to a redemption from the purchaser at the execution sale. In interpreting a statute, a single sentence of a statute cannot be considered in isolation. It is our duty to consider all of the provisions of the act in relation to one another and attempt to harmonize the various provisions in order to insure proper construction of each.

A brief review of the statutory scheme providing for redemption from execution sale is necessary. RCW 6.24.140 relates to redemption from the purchaser at the execution sale and specifies the amount necessary to redeem in that

---

contains the identical provision under consideration in the present appeal and limits its application to a redemption by lien creditor. The statute states in part as follows:

> A lien creditor may redeem the property . . . by paying the amount of the purchase money, with interest . . . from the time of sale, together with the amount of any taxes which the purchaser may have paid thereon, and . . . if the purchaser is also a creditor having a lien prior to that of the redemptioner, the amount of such lien, with interest; . . .

Then, as to a redemption by a mortgagor or judgment debtor, Or. Rev. Stat. § 23.560(2) states:

> Redemption shall be made by paying the amount of the purchase money, . . . together with the amount of any taxes the purchaser may have been required to pay thereon, . . . and also all sums that the purchaser may have been required to pay on prior liens, with interest upon every such payment made by the purchaser . . . from the date of payment thereof; . . .

situation. The following section, RCW 6.24.150 provides for successive redemptions by redemptioners who must pay in order to redeem "the sum paid on such last redemption with interest . . . and the amount of any taxes or assessment which the last redemptioner may have paid thereon after the redemption by him, . . . and in addition thereto by paying the amount of any liens, . . . held by said last redemptioner prior to his own, . . ." Consequently, when a judgment debtor redeems from the last redemptioner, he must pay whatever amount such last redemptioner paid.

Therefore, the language of RCW 6.24.160 upon which respondent's argument rests does not relate to a redemption by the judgment debtor from the purchaser at the execution sale pursuant to RCW 6.24.140. Its application is to RCW 6.24.150, which provides for successive redemptions and applies to a redemption from a prior redemptioner.

Thus a judgment debtor seeking to redeem his property from the purchaser at execution sale, pursuant to RCW 6.24.140, is not required to tender the amount of such purchaser's liens to effect a redemption.

Judgment reversed with direction to order acceptance of appellant's tender.

ANDERSEN and DURHAM, JJ., concur.

Reconsideration denied July 6, 1981.

Review denied by Supreme Court September 25, 1981.