[No. 18028-2-I.   Division One.   September 21, 1987.]

GRAND INVESTMENT COMPANY, *Plaintiff*, v. HENRY C. SAVAGE, ET AL, *Defendants*, DAN B. NORTON, ET AL, *Respondents*, BERTIL A. GRANBERG, *Appellant*.

*Bertil A. Granberg,* pro se.

*Joseph G. Nolan,* for respondents.

REVELLE, J.*—Bertil Granberg appeals the decision quashing a sheriff's sale and quieting title to real estate in Dan, Elaine and Stephen Norton.

There are stipulated facts which are stated chronologi-

---

*This appeal was heard by a Supreme Court Justice, a Superior Court Judge, and a retired Superior Court Judge sitting as Court of Appeals Judges Pro Tempore in Division One.

cally as follows:

1972—William Prince obtained a judgment against Dr. and Mrs. Savage. Prince assigned the judgment to Grand Investment Company (Grand).

1975—Lois Lee obtained a judgment against Savage.

1978—Grand executed the judgment on real estate owned by Savage. At the sheriff's sale, Grand bid in the amount of its judgment.

1979—Savage attempted to redeem. Grand objected and asserted that a greater amount was required to redeem. The trial court agreed and directed the sheriff to issue a deed to Grand as the redemption period had expired. Savage appealed, but filed neither a supersedeas bond nor a lis pendens.

1980—During the appeal Grand sold the property to the Nortons for a fair market price. Relying on the superior court order and the sheriff's deed, Grand gave a warranty deed to the Nortons without giving the Nortons any notice of the appeal or of any other proceeding against the property. In 1981, the Court of Appeals reversed the trial court and allowed Savage to redeem. *Prince v. Savage*, 29 Wn. App. 201, 627 P.2d 996 (1981).

1984—A certificate of redemption was issued to Savage.

1985—The 1975 Lee judgment was assigned to Granberg. Execution issued and there was a sheriff's sale. The Nortons objected to the sale, but the trial court confirmed the sale to Granberg. Also in 1985, Savage made a claim against Grand for damages or restoration. The Nortons brought the present suit against Savage and Granberg to quiet title. In late 1985, the suit between Savage, the Nortons and Grand was settled but the Norton–Granberg portion was tried on the stipulated facts.

1986—The trial court entered judgment against Granberg quieting title in the Nortons. This appeal followed.

Granberg raises five issues in this appeal. (1) The law requires the joinder of all parties in determining right, title or interest in real estate. (2) Because Lee/Granberg was not joined as a party in the initial determination on the

redemption attempt by Savage in 1978 it is not binding upon Lee/Granberg, and RAP 12.8 has no effect on his judgment lien. (3) Upon reversal of the trial court's determination of the sufficiency of redemption by the Court of Appeals, a lien creditor has the right to redeem or execute. (4) Upon the determination of the Court of Appeals that Savage redeemed, Savage regained title. (5) Norton was not a bona fide purchaser and cannot be protected under RAP 12.8, or by the fact Savage failed to file a supersedeas bond or lis pendens. Thus, when Grand's title was later reversed, Norton lost title.

Granberg's contention that he or his assignor, Lee, as a junior creditor, had to be joined by Grand in the original execution and sale and the later redemption does not take into account the provisions of RCW Title 6, Enforcement of Judgments. Former RCW 6.24.010 and .015 require the sheriff to post notice of the sale on the property and on the courthouse door, and to publish the notice in a newspaper of general circulation. These provisions are the exclusive method of execution and redemption of judgments. Granberg does not contend that he was not given this statutory notice. He only contends that he was not joined as a party as required by CR 19(a),[1] RCW 4.56.190[2]

---

[1]CR 19(a) provides:

**"Persons To Be Joined if Feasible.** A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (A) as a practical matter impair or impede his ability to protect that interest or (B) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and his joinder would render the venue of the action improper, he shall be dismissed from the action."

[2]Former RCW 4.56.190 provides:

"Lien of judgment. The real estate of any judgment debtor, and such as he may acquire, not exempt by law, shall be held and bound to satisfy any judgment

and RCW 4.56.200.[3] *See In re Estate of Krueger,* 11 Wn.2d 329, 119 P.2d 312 (1941); *Gile Inv. Co. v. Fisher,* 104 Wash. 613, 177 P. 710 (1919); *Davis v. Bartz,* 65 Wash. 395, 118 P. 334 (1911); *Kiecker v. Pacific Indem. Co.,* 5 Wn. App. 871, 491 P.2d 244 (1971). None of these cases are persuasive. *Gile* holds that a prior mortgagee could not be bound by foreclosure proceedings on a subsequent judgment lien.

---

of the district court of the United States rendered in this state, any judgment of the supreme court, court of appeals, or superior court of this state, and any judgment of any justice of the peace rendered in this state, and every such judgment shall be a lien thereupon to commence as hereinafter provided and to run for a period of not to exceed ten years from the day on which such judgment was rendered. As used in this chapter, real estate shall not include the vendor's interest under a real estate contract for judgments rendered after August 23, 1983. Personal property of the judgment debtor shall be held only from the time it is actually levied upon."

[3]Former RCW 4.56.200 provides:

"Commencement of lien on real estate. The lien of judgments upon the real estate of the judgment debtor shall commence as follows:

"(1) Judgments of the district court of the United States rendered in the county in which the real estate of the judgment debtor is situated, and judgments of the superior court for the county in which the real estate of the judgment debtor is situated, from the time of the entry thereof;

"(2) Judgments of the district court of the United States rendered in any county in this state other than that in which the real estate of the judgment debtor to be affected is situated, judgments of the supreme court of this state, judgments of the court of appeals of this state, and judgments of the superior court for any county other than that in which the real estate of the judgment debtor to be affected is situated, from the time of the filing of a duly certified abstract of such judgment with the county clerk of the county in which the real estate of the judgment debtor to be affected is situated, as provided in this act;

"(3) Judgments of a justice of peace rendered in the county in which the real estate of the judgment debtor is situated, from the time of the filing of a duly certified transcript of the docket of the justice of the peace with the county clerk of the county in which such judgment was rendered, and upon such filing said judgment shall become to all intents and purposes a judgment of the superior court for said county; and

"(4) Judgments of a justice of the peace rendered in any other county in this state than that in which the real estate of the judgment debtor to be affected is situated, a transcript of the docket of which has been filed with the county clerk of the county where such judgment was rendered, from the time of filing, with the county clerk of the county in which the real estate of the judgment debtor to be affected is situated, of a duly certified abstract of the record of said judgment in the office of the county clerk of the county in which the certified transcript of the docket of said judgment of said justice of the peace was originally filed."

Here the lien which Grand held, and on which it executed, was a judgment lien prior to Lee/Granberg's lien and the subsequent foreclosures. Grand therefore had a superior right over Lee/Granberg. Granberg preserved rights of redemption which he failed to exercise. He was only entitled to the notice required by the provisions of RCW 6.24 and not entitled to be joined.

To receive protection as a bona fide purchaser, the purchaser must: (a) be a purchaser, not a donee, heir or devisee, (b) be bona fide, that is, act in good faith, (c) have paid value as the law defines value, and (d) be without notice, actual or constructive, of the rights, equities, or claims of others to or against the property. *Biles–Coleman Lumber Co. v. Lesamiz,* 49 Wn.2d 436, 302 P.2d 198 (1956); *Barth v. Barth,* 19 Wn.2d 543, 143 P.2d 542 (1943); 5 H. Tiffany, *Real Property* § 1300 (3d ed. 1939).

■ Granberg contends the Nortons are not bona fide purchasers because Grand was not a bona fide purchaser, thus Norton can only take what Grand had. This is not the law in Washington. Generally, a purchaser for value without notice from one with notice is held to be a bona fide purchaser and not affected by any notice to his vendor and takes title free from the equities of which his predecessor had notice. *Bernard v. Benson,* 58 Wash. 191, 108 P. 439 (1910); *Sayward v. Thompson,* 11 Wash. 706, 40 P. 379 (1895).

Because Savage did not file a lis pendens or a supersedeas bond, Grand was free to dispose of the property with its title unencumbered by the possibility of a future reversal. In this way, Granberg's claim is defeated.

Under the rationale of the landmark case of *Prince v. Mottman,* 84 Wash. 287, 146 P. 841 (1915), Norton must be allowed to keep the property. In *Prince,* property was acquired by a bona fide purchaser after a judgment which was then subsequently reversed. The court held that the status of the property, now owned by the bona fide purchaser, shall not be affected by such reversal. It is the policy of the law to protect third parties who, in good faith

and for value, become purchasers at judicial sales so the highest and best price may be obtained. *See Prince,* at 295. Although in *Prince* the Mottmans were the actual purchasers at the sheriff's sale, the principle expounded there remains true for the innocent bona fide purchasers (the Nortons) who purchased from a judgment creditor holding title pursuant to a decision of a trial court. In *Singly v. Warren,* 18 Wash. 434, 438–39, 51 P. 1066 (1898), the Supreme Court recognized the right of a nonparty purchaser.

> But, that a stranger to the record, who, in good faith, purchases land at an execution or judicial sale under a valid judgment, which has not been superseded by the filing of a proper bond, acquires rights which are not affected by a subsequent reversal of the judgment, is a doctrine universally announced by the courts. This rule has been recognized from very early times, and the reason of it is, as stated in *Manning's Case,* 8 Coke, 192, and many subsequent cases, that if the title obtained by the purchaser in such cases were avoided, the vendee would lose both his property and his money, and great inconvenience would therefore follow, as no one would buy of the sheriff in such cases, and execution of judgments would not be done. Our law, like the law elsewhere, permits judgments and decrees to be enforced during the pendency of appeals unless a bond to stay proceedings is given as required by law, and the courts have always construed the law so as to inspire confidence in judicial and execution sales by protecting *bona fide* purchasers at such sales from loss or injury by reason of erroneous judgments or decrees. It would be unjust to require such purchasers to suffer loss on account of errors of the trial courts of which they had no knowledge, and which they were nowise instrumental in producing. And such a requirement would be contrary to the settled policy of the law to encourage bidding at judicial sales, and to prevent the property of debtors from being sacrificed thereat.

(Citations omitted.) Although Granberg relies on *Singly* to support his argument that Norton was not a bona fide purchaser, *Singly* is distinguishable. A lis pendens had been

filed in the *Singly* case and no sheriff's deed had issued. In the case before us, on the stipulated facts there is no doubt the Nortons were bona fide purchasers. No lis pendens or supersedeas bond was filed and a sheriff's deed did issue. Under RAP 12.8 "[a]n interest in property acquired by a purchaser in good faith, under a decision subsequently reversed or modified, shall not be affected by the reversal or modification of that decision." Under RAP 7.2 Grand and Norton had the right to rely on the decision of the trial court, as its decision was not superseded as provided in RAP 8.1, nor was a lis pendens filed.

Granberg asserts that Norton cannot claim the protection of RAP 12.8. However, the case of *Puget Sound Athletic Club, Inc. v. Seven Fourteen Market St. Assocs.*, 34 Wn. App. 478, 663 P.2d 128 (1983) holds otherwise. Although *Athletic Club* dealt with a lease situation, its rationale applies here. The court in *Athletic Club* stated that RAP 12.8, which protects the interests of a third party, may be asserted only by the third party. *Athletic Club*, at 481. Here, Norton is such a third party who has the right to the rule's protection.

Because the Nortons are bona fide purchasers, the reversal of the trial court, which in effect allowed Savage to redeem, results in giving Savage the right to collect the value of the property, as the property itself could not be restored to him.[4] Savage did not end up with an interest in the property itself, because he failed to supersede the judgment during the appellate process. Because Savage, the judgment debtor, had no interest in the property at the time of the execution, Granberg, the judgment creditor, could not attach the property. Granberg, as judgment creditor purchasing at his own execution sale stood in the shoes of Savage, the judgment debtor, and took only his interest. *Desimone v. Spence*, 51 Wn.2d 412, 318 P.2d 959 (1957); *Sander v. Wells*, 71 Wn.2d 25, 426 P.2d 481 (1967). Thus,

---

[4]The issue of the value of the property was settled by the parties before the trial that resulted in this appeal.

all Granberg might be entitled to is to collect from Savage; he has no right to take title to the property.

The judgment of the trial court is affirmed.

AGID and DURHAM, JJ. Pro Tem., concur.