27 P.3d 629 (2001)
107 Wash.App. 398
UNITED SAVINGS AND LOAN BANK, a Washington corporation, Appellant,
v.
Christopher N. PALLIS and Jane Doe Pallis, husband and wife and the marital community comprised thereof; John E.Z. Caner and Phoebe B. Caner, husband and wife and the marital community comprised thereof, Respondents.
No. 47102-3-I.
Court of Appeals of Washington, Division 1.
July 23, 2001.
*630 John Thomas Ludlow, Hanson Baker Ludlow & Drumheller, Bellevue, for Appellant.
Christopher N. Pallis, Seattle, for Respondents.
Richard Stephen White, Helsell Fetterman LLP, Seattle, for Respondents Caner.

PUBLISHED IN PART
COX, J.
This is the third appeal involving a dispute over a waterfront lot on Whidbey Island whose owners, Roger and Jan Shaffer, agreed to sell to two different purchasers John and Phoebe Caner and Christopher Pallis. Relying on the trial court's first decision concluding that the Shaffer-Pallis purchase agreement was enforceable, Pallis obtained a loan from United Savings and Loan Bank ("United") to refinance his existing debt on the property. As part of the loan transaction, he granted United a deed of trust to secure his debt. This Court subsequently reversed the trial court's first decision, and title to the property was ultimately quieted in the Caners.
Thereafter, United commenced this foreclosure action against the Caners' property to which Pallis had previously given his deed of trust. United appeals the trial court's summary dismissal of its claim to foreclose its deed of trust. The Caners cross-appeal the trial court's dismissal of its claims against United for slander of title and wrongful recording of a lis pendens at the commencement of this foreclosure action. Because United is not a "purchaser in good faith" under RAP 12.8, it is not entitled to the protections of that rule. There being no other error, we affirm.
The facts of this residential real estate sale gone awry are recounted in more detail in two unpublished opinions of this Court.[1] In *631 1989, Roger and Jan Shaffer put their duplex on a waterfront lot in Whidbey Island up for sale.[2] After a series of negotiations with Christopher Pallis, who signed a sales agreement as a purchaser, the transaction failed to close. Pallis then recorded a lis pendens and sued the Shaffers for specific performance of the alleged agreement he had made with the Shaffers to purchase the property.[3]
Sometime during the Pallis-Shaffer negotiations, John and Phoebe Caner made an offer on the property, and the Shaffers made a counteroffer.[4] Months later, the Shaffers failed to close with the Caners due to Pallis' pending litigation. The Caners then recorded their own lis pendens, and sued the Shaffers for specific performance.[5] The trial court consolidated the Caners' action with that of Pallis.
On the eve of trial, the Shaffers entered into a settlement agreement with Pallis to convey the property to him. The settlement agreement contained a provision stating that the settlement agreement was void in the event the trial court determined that the Shaffer-Pallis purchase agreement was invalid or unenforceable.[6] The trial court granted the Shaffers' motion to dismiss the Caners' claims.[7]
The Caners appealed, but did not post a supersedeas bond to stay enforcement of the judgment.[8] The Shaffers then deeded the property to Pallis.[9] Pallis obtained a loan from United, evidenced by a promissory note and secured by a deed of trust against the property.[10] Approximately six weeks after United closed its loan, this Court reversed the order dismissing the Caners' lawsuit.[11] This Court then remanded the Caners' case for further proceedings.
The Caners reasserted their claims to the property, and the trial court granted the Caners' motion to add Pallis as a defendant.[12] The Caners and Shaffers settled, leaving Pallis as the sole defendant in the pending lawsuit. The trial court entered a judgment and a decree of specific performance for the Caners, quieting title in the Caners to the exclusion of the Shaffers and Pallis.[13] This ruling left Pallis with no interest in the property and with a loan in default to United.
Pallis appealed the second trial court decision.[14] United did not intervene in that appeal. But in its amicus curiae brief, it argued that neither the Caners' appeal nor their lis pendens defeated its acquisition of a valid interest in the property. This Court declined to address United's arguments, and affirmed the trial court's second decision.[15]
Pallis defaulted on the loan and United commenced this action to foreclose its deed of trust on the property. On cross-motions for summary judgment, the trial court granted the Caners' motion for partial summary judgment, and denied United's motion for summary judgment. The trial court dismissed the Caners' counterclaims against United for slander of title and wrongful recording of a lis pendens under RCW 4.28.328.
United appeals the trial court's order. The Caners cross-appeal the trial court's dismissal of their counterclaims.

Purchaser in Good Faith
United's main contention is that the trial court erred in summarily dismissing its foreclosure *632 action. Specifically, United claims it is a "purchaser in good faith" under RAP 12.8, and thus not bound by subsequent judgments. It further asserts that RAP 12.8 conflicts with the lis pendens statute, and thus supercedes that statute. We disagree.
We may affirm an order granting summary judgment if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.[16] We consider all facts and reasonable inferences in the light most favorable to the nonmoving party.[17] We review questions of law de novo.[18]
Here, there is no disputed issue of material fact. Thus, for purposes of summary judgment, the legal question is whether United is entitled to a judgment as a matter of law because it is a "purchaser in good faith" under RAP 12.8 that acquired a valid interest in the property due to the Caners' failure to post a supersedeas bond following the first trial.
We apply principles of statutory construction to the interpretation of court rules.[19] "Apparent conflicts between a court rule and a statutory provision should be harmonized and both given effect, if possible."[20] In the absence of an express repeal, an existing statute is not abrogated by a new one, unless the later act is so inconsistent with the former that the two cannot have a concurrent operation, or unless the later act so fully covers the whole subject-matter of the prior act as to afford conclusive evidence that it was intended to supersede it entirely.[21]
The lis pendens statute, RCW 4.28.320, provides in part:
In an action affecting the title to real property the plaintiff, at the time of filing the complaint, or at any time afterwards,... may file with the auditor of each county in which the property is situated a notice of the pendency of the action.... From the time of the filing only shall the pendency of the action be constructive notice to a purchaser or encumbrancer of the property affected thereby, and every person whose conveyance or encumbrance is subsequently executed or subsequently recorded shall be deemed a subsequent purchaser or encumbrancer, and shall be bound by all proceedings taken after the filing of such notice to the same extent as if he were a party to the action.[[22]]
The purpose of a lis pendens is to give notice of pending litigation affecting the title to real property, and to give notice that anyone who subsequently deals with the affected property will be bound by the outcome of the action to the same extent as if he or she were a party to the action.[23] Thus, under RCW 4.28.320, United would have acquired constructive notice of the Caners' claim on the property by virtue of the Caners recording a lis pendens. As such, United would be bound by the trial court's subsequent decision quieting title in the Caners. But United maintains that RCW 4.28.320 conflicts with certain RAP provisions governing the effect of the appellate court's reversal of a judgment. As such, it argues that those RAP provisions supersede RCW 4.28.320. This argument fails.
The provisions at issue include RAP 7.2(c) and 12.8. RAP 7.2(c) delineates the trial *633 court's authority to enforce its judgment and decisions during a pending appeal:
In a civil case, except to the extent enforcement of a judgment or decision has been stayed as provided in rules 8.1[[24]] or 8.3, the trial court has authority to enforce any decision of the trial court and a party may execute on any judgment of the trial court. Any person may take action premised on the validity of a trial court judgment or decision until enforcement of the judgment or decision is stayed as provided in rules 8.1 or 8.3.[25]
RAP 12.8, which governs the effect of an appellate court's reversal on intervening rights, states that:
If a party has voluntarily or involuntarily partially or wholly satisfied a trial court decision which is modified by the appellate court, the trial court shall enter orders and authorize the issuance of process appropriate to restore to the party any property taken from that party, the value of the property, or in appropriate circumstances, provide restitution. An interest in property acquired by a purchaser in good faith, under a decision subsequently reversed or modified, shall not be affected by the reversal or modification of that decision.[[26]]
Relying on the above italicized portions of RAP 7.2(c) and RAP 12.8, United claims that because the Caners never superseded the trial court's first decision dismissing the Caners' claims, the bank was free to take action premised on the validity of that decision. Here, that action was to accept a deed of trust from Pallis. We reject this argument.
RAP 7.2(c) cannot be read in isolation. Rather, we must also consider the more directly relevant provision, RAP 12.8. The trial court concluded below that United was not a "purchaser in good faith" under RAP 12.8 for two reasons. First, relying on the definitions of "purchaser" in Black's Law Dictionary,[27] it ruled that United, as a beneficiary of a deed of trust, is an encumbrancer, not a purchaser. Second, the trial court concluded that United had actual and constructive notice of the pending appeal. Thus, it could not satisfy the "good faith" requirement of the rule.
Courts turn to substantive property law to determine the rights of purchasers under RAP 12.8.[28] The real property recording statute defines a "purchaser" of real property as "every person to whom any estate or interest in real property is conveyed for a valuable consideration and every assignee of a mortgage, lease or other conditional estate."[29] United qualifies as a purchaser under RCW 65.08.060(2) because it loaned the funds to Pallis in exchange for a security interest in the propertythe deed of trust. We adopt the more expansive definition of a purchaser under RCW 65.08.060(2) for purposes of determining whether United qualifies as a purchaser in good faith under RAP 12.8. Because the purpose of RAP 12.8 is to protect the status quo of parties from the effect of reversal of a trial court decision, there is no valid reason to deny that protection to a party who acquires less than a fee interest in the subject property but grant the same protection to one who acquires a fee interest. Thus, we conclude that United is a *634 "purchaser" under RAP 12.8, and reverse the trial court's decision on this point.
But that does not end our inquiry. We also hold that United cannot satisfy the "good faith" requirement. Caselaw defines "good faith purchaser for value" as one "who is without actual or constructive notice of another's interest in the property purchased."[30] Recording of a prior interest in property provides constructive notice of that interest.[31]
It is a well-settled rule that where a purchaser has knowledge or information of facts which are sufficient to put an ordinarily prudent [person] upon inquiry, and the inquiry, if followed with reasonable diligence, would lead to the discovery of defects in the title or of equitable rights of others affecting the property in question, the purchaser will be held chargeable with knowledge thereof and will not be heard to say that he did not actually know of them. In other words, knowledge of facts sufficient to excite inquiry is constructive notice of all that the inquiry would have disclosed.[[32]]
Here, the parties dispute whether United had actual knowledge of the Caners' appeal.[33] But that factual dispute is not material for purposes of summary judgment. Assuming, without deciding, that United did not possess actual notice, United had constructive notice of the Caners' claim to the property through the recorded lis pendens at the time it closed its loan transaction with Pallis. Because it had constructive notice of the Caners' claim, it cannot be a purchaser in good faith under RAP 12.8.
Grand Investment Co. v. Savage[34] supports our conclusion. There, Grand Investment Co., a judgment creditor, was the successful bidder at an execution sale of real estate owned by the judgment debtor. The debtor attempted to redeem, but Grand objected. The trial court found for Grand, and ordered the sheriff to issue a deed to Grand. The debtor appealed, but did not file a supersedeas bond or record a lis pendens.
During the appeal, Grand sold the property to the Nortons, without notifying them of the appeal.[35] Thereafter, the Court of Appeals reversed the trial court decision in favor of Grand, and allowed the debtor to redeem.[36] Later, Granberg, another judgment creditor of the debtor, executed on the same property.[37] Over the Nortons' objection, the trial court confirmed the sheriff's sale to Granberg. The Nortons then successfully sued to quiet title of the property in them.[38] Granberg appealed.
On appeal, Granberg argued that because Grand was not a bona fide purchaser, his grantees, the Nortons, could not be bone fide purchasers either. The Court of Appeals disagreed. The Court held that because the debtor did not record a lis pendens or supersedeas bond, Grand was free to dispose of the property with its title unencumbered by the possibility of a future reversal.[39] Furthermore, the court held that under RAP 7.2 and RAP 12.8, Grand and the Nortons were entitled to rely on the trial court's decision finding in favor of Grand because the debtor did not supersede the decision or record a lis pendens. Here, unlike that case, there was a *635 recorded lis pendens that defeats United's claimed status as a purchaser in good faith under RAP 12.8.
In sum, United is not a purchaser in good faith under RAP 12.8. And we see no conflict concerning appellate procedure between RAP 12.8 and the lis pendens statute.
United relies on State v. A.N.W. Seed Corp.,[40] for its argument that actual or constructive knowledge of the pending appeal does not defeat its alleged "good faith purchaser" status under RAP 12.8. But that case is inapposite.
In A.N.W. Seed, our Supreme Court held that when a judgment is reversed after the judgment creditor has executed upon the judgment by selling the judgment debtor's personal property at a sheriff's sale, principles of restitution entitle the judgment debtor under RAP 12.8 to receive proceeds of the sheriff's sale rather than fair market value of the property sold.
Because the court in A.N.W. Seed relied on principles of restitution in interpreting RAP 12.8, United urges this court to apply Restatement of Restitution, § 74, comment i, to this case and find United to be a purchaser in good faith. That portion of the Restatement, provides in relevant part that:
A person, other than the judgment creditor or his attorney, who purchases at a valid execution sale upon a judgment which is not void but which is subsequently reversed is entitled to retain the subject matter if, before reversal, he has obtained the legal title and has paid value therefor... Since the sale was lawful he is protected as a bona fide purchaser.... A person is not prevented from being a bona fide purchaser by the fact that he has knowledge that an appeal is pending or even that he has knowledge of the grounds for appeal, except where he knows that the judgment was obtained by fraud.[[41]]
We decline to apply the above provision of the Restatement to this case for two reasons. First, United did not acquire its claimed rights in the property at an execution sale. Thus, the policy of promoting the highest prices at execution sales that is the rationale for the rule protecting third parties who, in good faith, purchase at execution sales upon a judgment subsequently reversed, is absent here.[42] Second, § 74 of the Restatement does not address the effect of the lis pendens recording on a purchaser's rights acquired during pending appeals. And as discussed above, the case law is clear that United cannot be afforded the protection of a purchaser in good faith under RAP 12.8 because of the recording of the lis pendens.
Because of the above disposition, we need not address United's argument that RAP 1.1(g)[43] supersedes the lis pendens statute. We also need not address the Caners' alternative argument that United is collaterally estopped from raising this issue by this Court's decision affirming the trial court's decision quieting title in the Caners. Likewise, we need not address the Caners' argument that United is foreclosed from claiming repeal of the lis pendens statute by Pallis' failure to raise this issue in the second trial.
We affirm.
The remainder of this opinion has no precedential value and will not be published.[44]
BAKER, J., and AGID, J., concur.
NOTES
[1] See Pallis v. Shaffer, 76 Wash.App. 1084 (1995) review denied, 127 Wash.2d 1008, 898 P.2d 308; Caner v. Shaffer, No. 40199-8-I, 1998 WL 601525 (September 8, 1998).
[2] Caner, No. 40199-8-I, slip op. at 2.
[3] Caner, No. 40199-8-I, slip op. at 3.
[4] Caner, No. 40199-8-I, slip op. at 2
[5] Caner, No. 40199-8-I, slip op. at 3.
[6] Caner, No. 40199-8-I, slip op. at 3.
[7] Caner, No. 40199-8-I, slip op. at 3.
[8] Caner, No. 40199-8-I, slip op. at 3.
[9] Caner, No. 40199-8-I, slip op. at 3.
[10] Caner, No. 40199-8-I, slip op. at 3.
[11] Caner, No. 40199-8-I, slip op. at 4.
[12] Caner, No. 40199-8-I, slip op. at 4.
[13] Caner, No. 40199-8-I, slip op. at 4.
[14] Caner, No. 40199-8-I, slip op. at 4.
[15] Caner, No. 40199-8-I, slip op. at 11-12.
[16] CR 56(c).
[17] Mountain Park Homeowners Association, Inc. v. Tydings, 125 Wash.2d 337, 341, 883 P.2d 1383 (1994).
[18] Mains Farm Homeowners Ass'n v. Worthington, 121 Wash.2d 810, 813, 854 P.2d 1072 (1993).
[19] State v. Greenwood, 120 Wash.2d 585, 592, 845 P.2d 971 (1993).
[20] State v. Thomas, 121 Wash.2d 504, 511, 851 P.2d 673 (1993); see also Jones v. Stebbins, 122 Wash.2d 471, 478, 860 P.2d 1009 (1993).
[21] White v. City of North Yakima, 87 Wash. 191, 195, 151 P. 645 (1915).
[22] (Italics ours.)
[23] Cranwell v. Mesec, 77 Wash.App. 90, 109, 890 P.2d 491, review denied, 127 Wash.2d 1004, 898 P.2d 308 (1995); Anderson & Middleton Lumber Co. v. Quinault Indian Nation, 79 Wash.App. 221, 226, 901 P.2d 1060 (1995), aff'd, 130 Wash.2d 862, 929 P.2d 379 (1996) (citing RCW 4.28.320 and R.O.I., Inc. v. Anderson, 50 Wash. App. 459, 748 P.2d 1136 (1988)).
[24] The relevant section of RAP 8.1 involves staying enforcement of a trial court's judgment affecting real property pending appeal and provides as follows:

(b) ... Any party to a review proceeding has the right to stay enforcement of a money judgment or a decision affecting property pending review.... Enforcement of a trial court decision may be stayed through the following procedures:
(2) Decision Affecting Property. Except where prohibited by statute, a party may obtain a stay of enforcement of a decision affecting the rights to possession, ownership or use of real property ... by filing a supersedeas bond in the trial court.
[25] (Italics ours.)
[26] (Italics ours.)
[27] Black's Law Dictionary defines "purchaser" as "[o]ne who obtains property for money or other valuable consideration; a buyer." Black's Law Dictionary 515 (1996).
[28] 3 Lewis H. Orland and Karl B. Tegland, Washington Practice: Rules Practice, 364 (5th ed.1998) (citing Grand Investment Co. v. Savage, 49 Wash.App. 364, 742 P.2d 1262 (1987)).
[29] RCW 65.08.060(2).
[30] Tomlinson v. Clarke, 118 Wash.2d 498, 500, 825 P.2d 706 (1992); Grand Investment Co., 49 Wash.App. at 368, 742 P.2d 1262. (Using "purchaser in good faith" and "bona fide purchaser" interchangeably).
[31] Tomlinson, 118 Wash.2d at 500, 825 P.2d 706 (citing Kendrick v. Davis, 75 Wash.2d 456, 464, 452 P.2d 222 (1969)).
[32] Levien v. Fiala, 79 Wash.App. 294, 298-99, 902 P.2d 170 (1995) (quoting Miebach v. Colasurdo, 102 Wash.2d 170, 175-76, 685 P.2d 1074 (1984)) (emphasis added).
[33] Brief of Respondents/Cross-Appellant Caner at 6-8; United's Response Brief at 13.
[34] 49 Wash.App. 364, 742 P.2d 1262 (1987).
[35] Grand Inv. Co., 49 Wash.App. at 365, 742 P.2d 1262.
[36] Grand Inv. Co., 49 Wash.App. at 365, 742 P.2d 1262.
[37] Grand Inv. Co., 49 Wash.App. at 365, 742 P.2d 1262.
[38] Grand Inv. Co., 49 Wash.App. at 365, 742 P.2d 1262.
[39] Grand Inv. Co., 49 Wash.App. at 368, 742 P.2d 1262.
[40] 116 Wash.2d 39, 45-46, 802 P.2d 1353 (1991).
[41] (Italics ours.)
[42] Grand Inv. Co., 49 Wash.App. at 368, 742 P.2d 1262.
[43] RAP 1.1(g) states in relevant part:

These rules [of appellate procedure] supersede all statutes and rules covering procedure in the ... Court of Appeals, unless one of these rules specifically indicates to the contrary.
[44] RCW 2.06.040.